# EXHIBIT B

AMY C. POYER (SBN 277315)
amy.poyer@btlaw.com
**BARNES & THORNBURG LLP**
2029 Century Park East Suite 300
Los Angeles, California 90067
Telephone: (310) 284-3880
Facsimile: (310) 284-3894

*Attorneys for Specially Appearing Respondent*
*Regents of the University of Michigan*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br>NADJA YANG,<br>Debtor.<br><br>NADJA YANG,<br>Movant,<br>v.<br>REGENTS OF THE UNIVERSITY OF MICHIGAN,<br>Respondent. | Case No. 3:26-cv-07302-WHO<br>(Bankr. N.D. Cal. Case No. 26-30507 WJL)<br><br>**SPECIALLY APPEARING RESPONDENT'S OPPOSITION TO DEBTOR'S MOTION TO WITHDRAW THE REFERENCE OF SANCTIONS PROCEEDING**<br><br>*[Specially Appearing Respondent's Request for Judicial Notice and [Proposed] Order filed concurrently herewith]*<br><br>Assigned to the Honorable William H. Orrick |

# I. INTRODUCTION

Specially Appearing Respondent Regents of the University of Michigan (the "University") submits this opposition to Debtor Nadja Yang's Motion to Withdraw the Reference of Sanctions Proceeding (ECF No. 1; Exhibit E to Respondent's Request for Judicial Notice in Support of Opposition to Debtor's Motion to Withdraw the Reference of Sanctions Proceeding ["RJN"], filed concurrently herewith [the "Motion"].). The University appears specially and solely for the limited purpose of opposing the Motion. The University has never appeared in the bankruptcy case and does not submit to the jurisdiction of any court for any other purpose. The University expressly reserves all rights, defenses, and immunities (including Eleventh Amendment sovereign immunity), and nothing in this opposition addresses, or should be read to address, the merits of the Debtor's sanctions motion.

The Motion asks this Court to withdraw the reference of a "sanctions proceeding" that the bankruptcy court has already declined to entertain. Three independent grounds compel denial.

<u>First</u>, there is nothing to withdraw. The bankruptcy case was dismissed for improper venue; the bankruptcy court denied the Debtor's motion to alter or amend; and the bankruptcy court has ruled that it "lacks the jurisdiction to entertain any motions filed post dismissal" and it "declines to entertain any further requests for relief in this matter." (RJN, Ex. H, at 2.) Whether to retain jurisdiction over a proceeding after dismissal of the underlying case is a discretionary decision committed to the bankruptcy court. That court has exercised its discretion. A motion to withdraw the reference "is not a substitute for an appeal." *In re First All. Mortg. Co.*, 282 B.R. 894, 903 (C.D. Cal. 2001).

<u>Second</u>, mandatory withdrawal under 28 U.S.C. § 157(d) does not apply. The Eleventh Amendment is a constitutional provision, not a "law[] of the United States regulating organizations or activities affecting interstate commerce," and the sovereign-immunity question the Debtor briefs at length is one the University, who has never appeared, has not raised in any forum. A movant cannot manufacture mandatory withdrawal by anticipating a defense that has never been asserted, in a proceeding the home court has declined to entertain.

Third, cause for permissive withdrawal is absent. A motion for sanctions for willful violation of the automatic stay is a core bankruptcy proceeding, and every factor identified in *Security Farms v. International Brotherhood of Teamsters*, 124 F.3d 999, 1008 (9th Cir. 1997), weighs against withdrawal on this record.

## II. BACKGROUND

On June 8, 2026, the Debtor, proceeding *pro se*, filed a chapter 7 petition in the United States Bankruptcy Court for the Northern District of California. (RJN, Ex. A.) On June 15, 2026, she filed a Motion for Sanctions for Willful Violation of the Automatic Stay, with a supporting memorandum, declaration, and notice (RJN, Ex. B)—the papers the Motion defines as the "sanctions proceeding." (Mot. 1.) The sanctions motion seeks damages under 11 U.S.C. § 362(k) and relief under 11 U.S.C. § 525(a) against the University. The Debtor failed to effectuate proper service. Pursuant to the Debtor's certificate of service, filed July 16, 2026, Debtor states that her original attempt at service through a third-party mailing service was unsuccessful. (RJN, Ex. I.) The bankruptcy court likewise observed that the Debtor's post-dismissal requests for relief "had not been served on any responding party or correctly noticed for hearing." (RJN, Ex. H, at 2.) Service, however, is not the ground on which this opposition rests: even if the sanctions motion had been properly served, the Motion would fail for each of the independent reasons set forth below.

On June 23, 2026, the bankruptcy court dismissed the case for improper venue. (RJN, Ex. C, Ex. I at 1.) The Debtor did not ~~seek~~obtain a stay of the dismissal order. ~~Instead, on~~On June 29, 2026, she simultaneously moved to alter or amend the dismissal order (RJN, Ex. D, at 1~~-~~–9~~)~~), requesting among other relief a stay of the dismissal order pending resolution of that motion and, in the alternative, pending appeal (*id.* at 8–9), and appealed from it (RJN, Ex. D, at 10~~-~~–13). In the two weeks that followed, she filed a wave of further papers in the dismissed case: the present Motion (RJN, Ex. E, filed July 7, 2026); re-served sanctions-motion papers (RJN, Ex. F (certificates of mailing)); and a motion for an injunction pending appeal (RJN, Ex. G).

On July 13, 2026, the bankruptcy court denied the motion to alter or amend for lack of jurisdiction, declined to issue an indicative ruling under Federal Rule of Bankruptcy Procedure 8008, and addressed the Debtor's post-dismissal filings directly: the court "lacks the jurisdiction to

entertain any motions filed post dismissal"; the post-dismissal requests were unserved and incorrectly noticed; injunctive relief requires an adversary proceeding; and the court "declines to entertain any further requests for relief in this matter." (RJN, Ex. H, at 2.)

The Debtor's response has been to multiply proceedings. On July 15, 2026, she commenced an adversary proceeding in the bankruptcy court against the University's Vice President and General Counsel in his official capacity, seeking declaratory and injunctive relief based on the same registration holds underlying the sanctions motion. *Yang v. Lynch*, Adv. No. 26-03032 (Bankr. N.D. Cal.). Her appeal of the dismissal order was filed in this District on July 15, 2026 (entered July 16, 2026), and assigned to this Court. *Yang v. Regents of the Univ. of Mich.*, No. 3:26-cv-07259-WHO (N.D. Cal.). The Motion was docketed on July 16, 2026, as this separate action.

The University has taken no action in any of these proceedings. It has not appeared, has filed no proof of claim, and has asserted no defense in the bankruptcy court.

## III. ARGUMENT

### A. There Is No Pending Proceeding to Withdraw, and Withdrawal Is Not a Substitute for Appeal.

Section 157(d) authorizes the district court to withdraw "a proceeding," that is, a live matter pending in the bankruptcy court under the district court's general order of reference. The "sanctions proceeding" the Debtor asks this Court to withdraw does not fit that description. The underlying case was dismissed on June 23, 2026. The sanctions motion was never heard and was never litigated. And the bankruptcy court has now ruled that it "lacks the jurisdiction to entertain any motions filed post dismissal" and that it "declines to entertain any further requests for relief in this matter." (RJN, Ex. H, at 2.)

The Ninth Circuit's framework confirms that this decision belongs to the bankruptcy court. Bankruptcy courts "are not automatically divested of jurisdiction over related cases when the underlying bankruptcy case is dismissed"; whether to retain a related proceeding after dismissal is a matter of discretion, guided by "economy, convenience, fairness and comity." *In re Carraher*, 971 F.2d 327, 328 (9th Cir. 1992). The Bankruptcy Appellate Panel has applied the same principle to stay-violation claims: dismissal does not automatically moot a damages claim under what is now §

362(k), *In re Davis*, 177 B.R. 907, 911, 913 (B.A.P. 9th Cir. 1995), and the bankruptcy court's post-dismissal jurisdiction to remedy stay violations is "settled," *In re Nelson*, 391 B.R. 437, 444 (B.A.P. 9th Cir. 2008). But the same authorities make the exercise of that jurisdiction discretionary with the bankruptcy court. *Carraher*, 971 F.2d at 328; *Davis*, 177 B.R. at 913. Here, the bankruptcy court has exercised that discretion: it declined to entertain further proceedings in the dismissed case. (RJN, Ex. H, at 2.)

The Debtor's disagreement with that ruling does not convert § 157(d) into an alternate avenue of review. "A motion to withdraw the reference is not a substitute for an appeal," and the statutes governing bankruptcy appeals "would be largely meaningless if a motion to withdraw the reference could be used instead." *First All. Mortg.*, 282 B.R. at 903. If the Debtor believes the bankruptcy court erred in declining to entertain her sanctions motion after dismissal, her remedy lies under 28 U.S.C. § 158, the route she has already taken with respect to the dismissal order itself. Withdrawal cannot be used to lift a proceeding out of a court that has declined to entertain it and deposit it in a new forum.

**B. Mandatory Withdrawal Does Not Apply.**

***1. The Eleventh Amendment Is Not a Statute Regulating Organizations or Activities Affecting Interstate Commerce.***

Mandatory withdrawal is reserved for proceedings whose resolution "requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." 28 U.S.C. § 157(d). The Ninth Circuit reads the provision to mandate withdrawal only "in cases requiring material consideration of non-bankruptcy federal law," *Security Farms*, 124 F.3d at 1008, and district courts in this Circuit apply it narrowly: the non-title 11 issues must "require the interpretation, as opposed to mere application," of the non-bankruptcy law, or present "significant open and unresolved issues." *In re Vicars Ins. Agency, Inc.*, 96 F.3d 949, 954 (7th Cir. 1996); *accord One Longhorn Land I, L.P. v. Presley*, 529 B.R. 755, 760 (C.D. Cal. 2015). A broader reading would create an "escape hatch" through which ordinary bankruptcy matters could be shifted wholesale to the district courts. *Vicars*, 96 F.3d at 952. The burden of persuasion rests on the Debtor. *Facebook, Inc. v. Vachani*, 577 B.R. 838, 846 (N.D. Cal. 2017).

The Debtor's asserted non-bankruptcy law is the Eleventh Amendment. But the statutory text requires a "law[] . . . regulating organizations or activities affecting interstate commerce"—federal regulatory statutes of the antitrust, securities, or ERISA variety. A constitutional immunity provision is not such a law, and "mandatory withdrawal is inappropriate where the asserted non-bankruptcy laws do not relate to interstate commerce." *In re Tamalpais Bancorp*, 451 B.R. 6, 8–9 (N.D. Cal. 2011). The Debtor's own principal authority holds precisely this: in *In re Addison*, the court rejected mandatory withdrawal where the State of California itself moved to dismiss on Eleventh Amendment grounds, because the immunity defense did not "call[] for material consideration of both title 11 and non-title 11 federal law." 240 B.R. 47, 49 (C.D. Cal. 1999). The Debtor's syllogism—that sovereign immunity "affects" interstate commerce because *Seminole Tribe of Florida v. Florida*, 517 U.S. 44 (1996), discussed the commerce power (Mot. 11)—proves far too much. Every constitutional defense "affects" some federal interest; if that sufficed, the mandatory-withdrawal clause would sweep in any bankruptcy matter touching a governmental unit.

***2. The Sovereign-Immunity Question Is Neither Presented Nor Open.***

Mandatory withdrawal requires that "resolution of the proceeding" actually "require[] consideration" of the non-bankruptcy law. 28 U.S.C. § 157(d). Two independent defects follow.

First, the question is not presented. The University has never appeared and has asserted no immunity defense in the bankruptcy court or anywhere else. The Motion litigates both sides of an arm-of-the-state question that no party has put in issue, and asks this Court to resolve it in the abstract. A movant cannot carry her burden by "specifically identif[ying]" nothing more than a defense she predicts an absent respondent may someday raise. *See One Longhorn*, 529 B.R. at 760. On that logic, every proceeding involving a governmental unit would be subject to mandatory withdrawal from the moment of filing. There is no live proceeding, no appearance, no asserted defense—and therefore nothing whose "resolution" requires constitutional analysis.

Second, the framework is not unsettled. Sovereign immunity in bankruptcy is governed by an established body of law. *Central Virginia Community College v. Katz* holds that, in ratifying the Bankruptcy Clause, the States "acquiesced in a subordination" of their immunity "in proceedings necessary to effectuate the *in rem* jurisdiction of the bankruptcy courts." 546 U.S. 356, 378 (2006).

The Ninth Circuit has held that 11 U.S.C. § 106(a) is "an unconstitutional assertion of Congress's power," and that immunity questions in bankruptcy are resolved under *Katz*. *In re Blixseth*, 112 F.4th 837, 845, 848 (9th Cir. 2024). The Bankruptcy Appellate Panel applied the same framework last year. *In re Lacher*, 669 B.R. 548, 558 (B.A.P. 9th Cir. 2025). The open question the Motion claims comes from *Galette v. New Jersey Transit Corp.*, 607 U.S. 509 (2026), the Supreme Court's recent decision addressing when a State-created entity is an "arm of the State" that shares its sovereign immunity. (Mot. passim.) But whatever role *Galette* may ultimately play in an arm-of-the-state analysis, applying governing Supreme Court and Ninth Circuit precedent to a new party is the "mere application" of settled law—the daily work of bankruptcy courts—not the interpretation of open questions that § 157(d) demands. *Vicars*, 96 F.3d at 954; *One Longhorn*, 529 B.R. at 760.

Bankruptcy courts are fully competent to decide such questions in the first instance, subject to appellate review. A bankruptcy court "ha[s] jurisdiction to determine its own jurisdiction," including whether Eleventh Amendment immunity applies. *In re Harleston*, 275 B.R. 546, 549 (B.A.P. 9th Cir. 2002). *Blixseth* itself, the Debtor's lead Ninth Circuit authority, arose from a sovereign-immunity ruling made in the bankruptcy court and reviewed on appeal. 112 F.4th at 843, 848. The Debtor's argument that only an Article III court may address these issues is refuted by the very cases she cites.

**C. There Is No Cause for Permissive Withdrawal.**

Permissive withdrawal requires "cause shown," 28 U.S.C. § 157(d), assessed by "the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors." *Security Farms*, 124 F.3d at 1008. Each factor cuts against withdrawal.

A motion to impose sanctions for willful violation of the automatic stay is a core proceeding: the automatic stay is a "creature peculiar to federal bankruptcy law," and a proceeding to enforce it arises under title 11. *In re Zumbrun*, 88 B.R. 250, 253 (B.A.P. 9th Cir. 1988) (quoting *In re Elegant Concepts, Ltd.*, 67 B.R. 914, 917 (Bankr. E.D.N.Y. 1986)). Core status weighs against withdrawal because the bankruptcy court may enter final judgment and possesses the relevant expertise. *Vachani*, 577 B.R. at 846–47, 850. Efficiency points the same way: the bankruptcy court presided

over the case from petition through dismissal and its aftermath, while this Court has had no involvement with the sanctions dispute. Withdrawal would not streamline anything; it would install a new court at the foot of a record it does not know, to preside over a proceeding the home court has declined to entertain.

This Court's most recent word on withdrawal proceeds the same way. In *Westport Insurance Corp. v. Official Committee of Unsecured Creditors*, No. 25-cv-09314-WHO, 2025 WL 3545838, at *3 (N.D. Cal. Dec. 10, 2025), this Court withdrew the reference of an insurance-coverage dispute because the complaint raised "only non-core state law claims"—claims that "depend on state law for their resolution" and "exist independent of title 11." A § 362(k) proceeding is the mirror image: "[a]ctions that do not depend on bankruptcy laws for their existence and that could proceed in another court are considered 'non-core,'" *Security Farms*, 124 F.3d at 1008, and a claim for willful violation of the automatic stay exists nowhere outside title 11. Withdrawal serves efficiency "in cases where non-core issues predominate," *In re Cachet Financial Services*, 652 B.R. 341, 346 (C.D. Cal. 2023)—not where, as here, there is nothing in the proceeding but bankruptcy law.

The forum-shopping chronology speaks for itself. The Debtor filed in an improper venue; the case was dismissed; her motion to alter or amend was denied; and the bankruptcy court announced it would entertain no further requests for relief. The Motion, filed after dismissal and denied reconsideration, asks a different court to take up the very requests the bankruptcy court would not, while the Debtor simultaneously presses the same underlying grievance through an adversary proceeding, an appeal, and successive motions in the dismissed case. Where a matter is core and the movant stands to gain a more favorable forum, the forum-shopping factor weighs against withdrawal. *Vachani*, 577 B.R. at 850. This is not an incidental forum preference; it is serial forum selection in response to adverse rulings.

Uniform bankruptcy administration is not served by relocating core stay-enforcement proceedings to the district court whenever a movant anticipates that a governmental unit may assert immunity. And withdrawal would impose delay and expense on the parties to advance a proceeding whose viability the bankruptcy court has already addressed. The orderly path, appellate review under § 158, is available to the Debtor and is already in motion.

Nor does *Addison* help the Debtor's permissive-withdrawal fallback. (Mot. 12.) *Addison* withdrew a *non-core* proceeding—one the bankruptcy court could not finally decide, so that de novo district-court review was inevitable in any event—at the request of a State that had appeared and placed its Eleventh Amendment defense squarely before the court. 240 B.R. at 49–50. Both premises are missing here: a § 362(k) proceeding is core, and the party that would hold any immunity has not appeared, has asserted no defense, and opposes withdrawal. There is no presented question to resolve efficiently, only the Debtor's forecast of one. And even issues bound for an Article III forum do not compel immediate withdrawal: where a Seventh Amendment jury right guarantees an eventual district-court trial, the bankruptcy court still "is permitted to retain jurisdiction over the action for pre-trial matters." *In re Healthcentral.com*, 504 F.3d 775, 787 (9th Cir. 2007). A defense that may never be asserted supplies still less cause to displace the reference now.

**D. The University's Appearance Is Limited, and All Rights and Immunities Are Reserved.**

The University appears specially and solely to oppose the Motion. It does not consent to the jurisdiction of this Court, the bankruptcy court, or any other court for any other purpose; it does not waive service of process; and it does not address the merits of the sanctions motion, the alleged registration holds, or the applicability of §§ 362 or 525 to the facts the Debtor alleges. The University reserves all rights, defenses, and immunities, including Eleventh Amendment sovereign immunity.

Opposing the Motion effects no waiver. Waiver under the Eleventh Amendment requires the State's voluntary invocation of federal jurisdiction, and "the Eleventh Amendment waiver rules are different when a State's federal-court participation is involuntary." *Lapides v. Bd. of Regents of Univ. Sys. of Ga.*, 535 U.S. 613, 622 (2002). Any waiver "must be 'unequivocally expressed.'" *Doe v. Regents of the Univ. of Cal.*, 891 F.3d 1147, 1152 (9th Cir. 2018) (quoting *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984)); *see In re Lacher*, 669 B.R. at 557 n.5 (opposing a motion without an unequivocal declaration of consent is not waiver). The University makes the opposite declaration here. Should immunity ever be presented for decision, it may be asserted at that time, in the proper forum. *See In re Elias*, 218 B.R. 80, 86 (B.A.P. 9th Cir. 1998) (immunity may

be asserted as a defense and "is effective until the state consents to jurisdiction or waives its immunity").

Finally, if the Court is inclined to take up any question beyond the withdrawal standards themselves—including any question the Motion embeds concerning post-dismissal jurisdiction, sovereign immunity, or the merits of the sanctions motion—the University respectfully requests that the Court first set a briefing schedule affording the University a full opportunity to be heard on any such issue.

## IV. CONCLUSION

The Motion asks this Court to withdraw the reference of a proceeding the bankruptcy court has declined to entertain, on the strength of a constitutional defense no party has raised, under a mandatory-withdrawal provision that does not reach constitutional provisions, and on permissive-withdrawal factors that uniformly point the other way. The Motion should be denied. In the alternative, the University requests that the Court set a briefing schedule before reaching any issue beyond the propriety of withdrawal, and grant such other relief as the Court deems just.

Dated: July 30, 2026

**BARNES & THORNBURG LLP**

By: */s/ Amy C. Poyer*
Amy C. Poyer

*Attorneys for Specially Appearing Respondent Regents of the University of Michigan*