Nadja Yang
200 E Liberty St Lbby Unit 7760
Ann Arbor MI 48107
M: Nadja Yang <nadja@njy.dev>
C: tel:332.203.3124
S: Maintained
Debtor and Movant *pro se*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

San Francisco Division

In re:
NADJA YANG,
*Debtor.*

NADJA YANG,
*Movant,*
v.
REGENTS OF THE UNIVERSITY OF MICHIGAN,
*Respondent.*

Case No. 3:26-cv-07302-WHO
Bankr. No. 26-30507 WJL
The Honorable William H. Orrick

**NOTICE OF MOTION AND MOTION FOR SANCTIONS UNDER RULE 11; MEMORANDUM OF POINTS AND AUTHORITIES**

Fed. R. Civ. P. 11(c); Civil L.R. 7-8
Hearing: October 14, 2026, 2:00 p.m.
By videoconference (Standing Order ¶ 3)

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD: PLEASE TAKE NOTICE that on October 14, 2026, at 2:00 p.m., or as soon thereafter as the matter may be heard, by Zoom videoconference or as the Court may direct, United States Courthouse, 450 Golden Gate Avenue, San Francisco, California, before the Honorable William H. Orrick, the Debtor will and hereby does move the Court for sanctions under Federal Rule of Civil Procedure 11(c) against Barnes & Thornburg LLP and Amy C. Poyer (SBN 277315), counsel for the purportedly "Specially Appearing" Respondent. Opp'n (ECF No. 6) at 1. The motion is made on the ground that two factual representations in the Respondent's Opposition (ECF No. 6) — concerning what the Bankruptcy Court's order of July 13, 2026, states as its ground, and what the Debtor's certificate of service certifies — are each contradicted by the exhibit the Respondent itself filed in support of them, and were each restated unchanged with the Respondent's Notice of Errata. Corrected Opp'n (ECF No. 12-1) at 1–2, 4. The motion rests on this notice, the following memorandum, the papers of record, and any argument the Court entertains.

The Debtor seeks an order admonishing Barnes & Thornburg LLP and Amy C. Poyer to conform representations about record documents to the documents themselves, and directing them to pay a penalty of $25 into court, or such greater amount as the Court deems sufficient to deter. Fed. R. Civ. P. 11(c)(1), (c)(4).

Pursuant to Rule 11(c)(2), this motion was served on counsel for the Respondent by first-class mail on August 7, 2026; the certificate of that mailing (CaseMail ID CM-88115-0012.6), which bears the mailing agent's declaration under 28 U.S.C. § 1746, is attached. On August 26, 2026, the Respondent filed a Notice of Errata correcting one of the three representations the served motion challenged; the corrected representation is omitted here, and no ground has been added. ECF No. 12. More than twenty-four days having since elapsed — the

twenty-one of Rule 11(c)(2), and the three that Rule 6(d) adds for service by mail — the remaining representations have been neither withdrawn nor corrected.

## MEMORANDUM OF POINTS AND AUTHORITIES

### The Standard

By presenting a paper to the Court — "whether by signing, filing, submitting, or later advocating it" — a party or attorney "certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," "the factual contentions have evidentiary support . . . ." Fed. R. Civ. P. 11(b), (b)(3). What an order states as its ground and what a certificate certifies are matters the documents themselves settle. Each representation below is set against the exhibit the Respondent filed with it. The Ninth Circuit enforces the safe harbor of Rule 11(c)(2) strictly. *Holgate v. Baldwin*, 425 F.3d 671, 678 (9th Cir. 2005).

### The Errata

The motion served on August 7 identified three representations, each contradicted by an exhibit the Respondent itself filed. The Notice of Errata corrects one, à la carte: the Opposition's statement that "[t]he Debtor did not seek a stay of the dismissal order," which it concedes "inaccurately described" her June 29, 2026 motion, "which requested a stay of the dismissal order among other relief." ECF No. 12 at 1–2. The corrected passage substitutes "did not obtain" for "did not seek," deletes "Instead," adds "requesting among other relief a stay of the dismissal order pending resolution of that motion and, in the alternative, pending appeal (*id.* at 8–9)," and changes "and appeal from it" to "and appealed

from it.” ECF No. 12-2 (redline). The errata attaches a corrected Opposition “revising only that passage” and states that “[t]he correction does not affect the arguments presented in the Opposition or the relief requested.” ECF No. 12 at 2. The corrected Opposition restates the two remaining representations unchanged. Corrected Opp’n (ECF No. 12-1) at 1–2, 4.

The corrected contention is not presented here. Fed. R. Civ. P. 11(c)(2); *cf.* *Holgate v. Baldwin*, 425 F.3d 671, 680 (9th Cir. 2005) (errata filed “within the 21-day safe harbor period”; sanctions on the corrected error not warranted). As to the positions a party “refuses to withdraw” after receiving a motion, the rule “subject[s] litigants to potential sanctions for insisting upon a position after it is no longer tenable.” Fed. R. Civ. P. 11 advisory committee’s notes to 1993 amendment.

**The Order Denied for Lack of Jurisdiction; the Opposition Reports an Exercise of Discretion**

The Opposition quotes the order’s ruling: “the bankruptcy court has ruled that it ‘lacks the jurisdiction to entertain any motions filed post dismissal’ and it ‘declines to entertain any further requests for relief in this matter.’ (RJN, Ex. H, at 2.)” Opp’n (ECF No. 6) at 1. It then states: “Whether to retain jurisdiction over a proceeding after dismissal of the underlying case is a discretionary decision committed to the bankruptcy court. That court has exercised its discretion.” *Id.* It invokes *Carraher v. Morgan Elecs., Inc.* (*In re Carraher*), 971 F.2d 327, 328 (9th Cir. 1992): discretion “guided by ‘economy, convenience, fairness and comity.’” Opp’n at 3. And it concludes: “Here, the bankruptcy court has exercised that discretion: it declined to entertain further proceedings in the dismissed case. (RJN, Ex. H, at 2.)” Opp’n at 4.

Exhibit H states the ground of decision: "This Court is persuaded that it should deny the Motion for lack of jurisdiction." Ex. H at 2. As to filings after dismissal: "As an initial matter, for all the reasons recited above, this Court similarly lacks the jurisdiction to entertain any motions filed post dismissal. . . . Accordingly, the Court declines to entertain any further requests for relief in this matter." *Id.* The order names its ground, and repeats it; it conducts no weighing of economy, convenience, fairness, or comity, and does not mention discretion or retention. The clause defines its own subject — motions "filed post dismissal" — and the sanctions motion is not among them: it was filed on June 15, 2026 (Ex. B at 1), and the dismissal followed on June 23 (Ex. C at 1), a chronology the Opposition's own background recites. Opp'n at 2. The order does not mention the sanctions motion.

The Opposition's Background reads the order correctly: "On July 13, 2026, the bankruptcy court denied the motion to alter or amend for lack of jurisdiction . . . ." Opp'n at 2. Its Argument, two pages later, reports the opposite. A court that twice states it "lacks the jurisdiction" has not exercised the jurisdiction it disclaims. The representation that it did is contradicted by the exhibit cited for it, and stands re-submitted unchanged. Corrected Opp'n at 1, 4.

**The Opposition Declares a Failure of Service; Neither Document It Cites States One**

The Opposition declares: "The Debtor failed to effectuate proper service." Opp'n at 2. In support it offers the certificate: "Pursuant to the Debtor's certificate of service, filed July 16, 2026, Debtor states that her original attempt at service through a third-party mailing service was unsuccessful. (RJN, Ex. I.)" *Id.* And the order: "The bankruptcy court likewise observed that the Debtor's post-dismissal requests for relief 'had not been served on any responding party or correctly

noticed for hearing.' (RJN, Ex. H, at 2.)" *Id.* It then sets the subject aside: "Service, however, is not the ground on which this opposition rests . . . ." *Id.*

The certificate at Exhibit I states: "I, Nadja Yang, the Debtor in this case, certify that on June 18, 2026, . . . I served the following documents by first-class United States mail, postage prepaid, on the Office of the Vice President and General Counsel of the Regents of the University of Michigan," listing nine documents. Ex. I at 1. And again: "CaseMail deposited the documents with the United States Postal Service by first-class mail on June 23, 2026 . . . ." *Id.* at 2. What the certificate recounts as incomplete is an engagement of Proof Technology, Inc., a process-serving vendor, "to effect service on the Regents at the 'Posting' speed . . . with first-class mail add-on," *id.* at 1–2, whose assigned process servers "did not complete the posting" and "failed to complete service." *Id.* at 2. The order's observation addresses "the requests for relief" among the motions it describes as "filed post dismissal," Ex. H at 2; the sanctions motion, filed June 15, 2026, is not among them. Ex. B at 1.[1]

The Opposition renders a vendor's failure as the Debtor's admission that service failed. The declaration rests on its two citations; neither document states it. Because the Opposition declines to rest on service as a ground, no ruling will test the assertion. The errata leaves it standing, and the corrected Opposition re-submits it verbatim. Corrected Opp'n at 2.

**The Sanction**

"A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The

[1]For the motions that are among them, certificates of service appear at the Respondent's own Exhibit F and on the bankruptcy docket, the last attesting mailings of July 9, 2026 — four days before the order issued. Ex. F; Bankr. Dkts. 30, 41.

sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." Fed. R. Civ. P. 11(c)(4). "Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee." *Id.* 11(c)(1); *see* Fed. R. Civ. P. 11 advisory committee's notes to 1993 amendment (joint responsibility is "appropriate" precisely because the motion may be filed "only if the offending paper is not withdrawn or corrected within 21 days after service of the motion"). The Debtor requests that Barnes & Thornburg LLP and Amy C. Poyer, its appearing counsel, be admonished to conform representations about record documents to the documents themselves, and that they pay a penalty into court of $25 — the price of one month of Free Law Project Individual Membership, Tier 2 (https://free.law/membership/) — or such greater amount as the Court deems sufficient to deter.

**Conclusion**

Each of the two remaining representations concerns what a document says; and each document, filed by the Respondent as its own exhibit, on the same day and over the same signature, was saying otherwise all along. Nothing here required discovery, or argument, or anything but reading. The motion should be granted.

Dated: September 1, 2026

Respectfully submitted,

/s/ Nadja Yang

NADJA YANG, Debtor and Movant *pro se*

Assisted-by: Claude Fable 5 via Claude Code

Nadja Yang
200 E Liberty St Lbby Unit 7760
Ann Arbor MI 48107
M: Nadja Yang <nadja@njy.dev>
C: tel:332.203.3124
S: Maintained
Debtor and Movant *pro se*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

San Francisco Division

| | |
|---|---|
| In re:<br>NADJA YANG,<br>*Debtor.* | Case No. 3:26-cv-07302-WHO<br>Bankr. No. 26-30507 WJL<br>The Honorable William H. Orrick |
| NADJA YANG,<br>*Movant,*<br>v.<br>REGENTS OF THE UNIVERSITY OF MICHIGAN,<br>*Respondent.* | **[PROPOSED] ORDER GRANTING MOTION FOR SANCTIONS UNDER RULE 11**<br>Fed. R. Civ. P. 11(c)(4) |

Before the Court is the Debtor's Motion for Sanctions under Federal Rule of Civil Procedure 11(c), directed to two representations in the Respondent's Opposition (ECF No. 6), each re-submitted in the corrected Opposition attached to the Respondent's Notice of Errata (ECF Nos. 12, 12-1). The Court has compared each representation with the exhibit the Respondent filed in support of it.

The order at Exhibit H denies "for lack of jurisdiction" and states that the court "lacks the jurisdiction to entertain any motions filed post dismissal"; it conducts no discretionary analysis and does not mention the sanctions motion, which was filed on June 15, 2026 (Exhibit B), before the June 23 dismissal (Exhibit C). The certificate at Exhibit I certifies service by first-class mail, on June 18 and again on June 23, 2026; the order's service observation addresses the post-dismissal motions. The Notice of Errata of August 26, 2026, corrected a third representation and left these two standing.

Barnes & Thornburg LLP, counsel for the Regents of the University of Michigan, and Amy C. Poyer, its appearing counsel, are ADMONISHED to conform representations concerning record documents to the documents themselves. Fed. R. Civ. P. 11(c)(1). They shall pay a penalty of $________ into the registry of the Court. Fed. R. Civ. P. 11(c)(4).

IT IS SO ORDERED.

Dated: ______________________ ______________________________

William H. Orrick
United States District Judge