UNITED STATES POSTAL SERVICE®
Approved Postal Provider®

CASEMAIL®

www.CaseMail.us

# CERTIFICATE OF MAILING

On: Aug 7, 2026

The United States Postal Service verified acceptance and mailing of the enclosed documents marked with the CASEMAIL ID, postage pre-paid with sufficient postage, to the following recipients:

**ON BEHALF OF:**

Nadja Yang
200 E Liberty St Lbby Unit 7760
Ann Arbor,MI 48107

**RECIPIENT:**

BARNES & THORNBURG LLP
AMY C. POYER
2029 Cntry Park E Ste 300
Los Angeles, CA 90067-2904

## MAILING HISTORY

Observations:

| | |
|---|---|
| MAILED ON: | Aug 7, 2026 |
| POSTAGE TYPE: | First Class Package |
| CASEMAIL ID: | CM-88115-0012.6 |
| USPS BARCODE: | Mailed |

**USPS SCAN**

**CASEMAIL ID**

CM-88115-0012.6

## Affirmation of Truth and Service

Pursuant to 28 U.S.C. § 1746

I, Joe L. Ruiz, declare that I am not a party to this action, am over 18 years of age, and that I mailed/served the above-referenced document(s) bearing the CaseMail ID listed above in the manner shown by depositing them in an official depository under the exclusive care and custody of the United States Postal Service, properly addressed and with sufficient postage, to the recipients listed above or on the attached mailing list.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 and under the laws of the United States of America that the foregoing is true and correct, except as to matters stated upon information and belief, and as to those matters I believe them to be true, and I understand that this declaration may be filed in an action or proceeding in a court of law.

Digital Stamp

DATE: Aug 7, 2026

/S/ Joe L. Ruiz

Vertrius, Corp. d/b/a CaseMail
16192 Coastal Highway
Lewes, DE 19958

**Document Verification**

Copies of documents, along with applicable mailing certificates and delivery certificates, are archived and accessible to authorized parties.

NADJA YANG
200 E LIBERTY ST LBBY UNIT 7760
ANN ARBOR MI 48107
M: Nadja Yang <nadja@njy.dev>
C: tel:332.203.3124
S: Maintained
Debtor and Movant *pro se*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

San Francisco Division

| | |
|---|---|
| In re:<br>NADJA YANG,<br>*Debtor.* | Case No. 3:26-cv-07302-WHO<br>Bankr. No. 26-30507 WJL<br>The Honorable William H. Orrick |
| NADJA YANG,<br>*Movant,*<br>v.<br>REGENTS OF THE UNIVERSITY OF MICHIGAN,<br>*Respondent.* | **NOTICE OF MOTION AND MOTION FOR SANCTIONS UNDER RULE 11; MEMORANDUM OF POINTS AND AUTHORITIES**<br>Fed. R. Civ. P. 11(c); Civil L.R. 7-8<br>Hearing: October 7, 2026, 2:00 p.m.<br>Courtroom 2, 17th Floor |

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD: PLEASE TAKE NOTICE that on October 7, 2026, at 2:00 p.m., or as soon thereafter as the matter



CLAUDE
FABLE 5
by Anthropic PBC
CM-88115-0012

may be heard, in Courtroom 2, 17th Floor, United States Courthouse, 450 Golden Gate Avenue, San Francisco, California, before the Honorable William H. Orrick, the Debtor will and hereby does move the Court for sanctions under Federal Rule of Civil Procedure 11(c) against Barnes & Thornburg LLP and Amy C. Poyer (SBN 277315), counsel for the purportedly “Specially Appearing Respondent.” Opp’n (ECF No. 6) at 1. The motion is made on the ground that three factual representations in the Respondent’s Opposition (ECF No. 6) — concerning what the Bankruptcy Court’s order of July 13, 2026, states as its ground, what the Debtor’s motion of June 29, 2026, prayed for, and what the Debtor’s certificate of service certifies — are each contradicted by the exhibit the Respondent itself filed in support of them. The motion rests on this notice, the following memorandum, the papers of record, and any argument the Court entertains.

Pursuant to Rule 11(c)(2), this motion was served on counsel for the Respondent by first-class mail on August 6, 2026. More than twenty-one days having since elapsed, the challenged representations have been neither withdrawn nor corrected.

## MEMORANDUM OF POINTS AND AUTHORITIES

### The Standard

By presenting a paper to the Court, a party or attorney “certifies that to the best of the person’s knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,” “the factual contentions have evidentiary support,” Fed. R. Civ. P. 11(b)(3), and “the claims, defenses, and other legal contentions are warranted by existing law,” *id.* 11(b)(2). What an order states as its ground, what a motion prays for, and what a certificate certifies are matters the



CLAUDE
FABLE 5
by Anthropic PBC

CM-88115-0012

documents themselves settle. Each representation below is set against the exhibit the Respondent filed with it.

**The Order Denied for Lack of Jurisdiction; the Opposition Reports an Exercise of Discretion**

The Opposition quotes the order's ruling: "the bankruptcy court has ruled that it 'lacks the jurisdiction to entertain any motions filed post dismissal' and it 'declines to entertain any further requests for relief in this matter.' (RJN, Ex. H, at 2.)" Opp'n (ECF No. 6) at 1. It then states: "Whether to retain jurisdiction over a proceeding after dismissal of the underlying case is a discretionary decision committed to the bankruptcy court. That court has exercised its discretion." *Id.* It invokes *In re Carraher*, 971 F.2d 327, 328 (9th Cir. 1992): discretion "guided by 'economy, convenience, fairness and comity.'" Opp'n at 3. And it concludes: "Here, the bankruptcy court has exercised that discretion: it declined to entertain further proceedings in the dismissed case. (RJN, Ex. H, at 2.)" Opp'n at 4.

Exhibit H states the ground of decision: "This Court is persuaded that it should deny the Motion for lack of jurisdiction." Ex. H at 2. As to filings after dismissal: "As an initial matter, for all the reasons recited above, this Court similarly lacks the jurisdiction to entertain any motions filed post dismissal. . . . Accordingly, the Court declines to entertain any further requests for relief in this matter." *Id.* The order names its ground, and repeats it; it conducts no weighing of economy, convenience, fairness, or comity, and does not mention discretion or retention. The clause defines its own subject — motions "filed post dismissal" — and the sanctions motion is not among them: it was filed on June 15, 2026 (Ex. B at 1), and the dismissal followed on June 23 (Ex. C at 1), a chronology the Opposition's own background recites. Opp'n at 2. The order does not mention the sanctions motion. A court that twice states it "lacks the jurisdiction" has not exercised the



CLAUDE
FABLE 5
CM-88115-0012

jurisdiction it disclaims. The representation that it did is contradicted by the exhibit cited for it.

**The Motion Prayed for a Stay, Twice; the Opposition Reports That No Stay Was Sought**

The Opposition states: "The Debtor did not seek a stay of the dismissal order. Instead, on June 29, 2026, she simultaneously moved to alter or amend the dismissal order (RJN, Ex. D, at 1-9) and appeal from it (RJN, Ex. D, at 10-13)." Opp'n at 2.

The motion at Exhibit D prays, at clause (a): "Stay the effect of the Order Dismissing Case for Improper Venue (Dkt. 24) pending resolution of this motion." Ex. D at 8. And at clause (f): "In the alternative, if this motion is denied in whole or in part, stay the effect of the Order Dismissing Case for Improper Venue (Dkt. 24) pending appeal pursuant to Fed. R. Bankr. P. 8007 . . . ." *Id.* at 9. Rule 8007 is the vehicle the clause names: "[o]rdinarily, a party must move first in the bankruptcy court" for "a stay of the bankruptcy court's judgment, order, or decree pending appeal." Fed. R. Bankr. P. 8007(a)(1)(A). The document the Opposition's own "Instead" identifies sought a stay of the dismissal order pending the motion, and again pending appeal. The representation that the Debtor "did not seek a stay of the dismissal order" is contradicted by the exhibit its next sentence cites.

**The Opposition Declares a Failure of Service; Neither Document It Cites States One**

The Opposition declares: "The Debtor failed to effectuate proper service." Opp'n at 2. In support it offers the certificate: "Pursuant to the Debtor's certificate of service, filed July 16, 2026, Debtor states that her original attempt at service



CLAUDE FABLE 5
CM-88115-0012

through a third-party mailing service was unsuccessful. (RJN, Ex. I.)" *Id.* And the order: "The bankruptcy court likewise observed that the Debtor's post-dismissal requests for relief 'had not been served on any responding party or correctly noticed for hearing.' (RJN, Ex. H, at 2.)" *Id.* It then sets the subject aside: "Service, however, is not the ground on which this opposition rests . . . ." *Id.*

The certificate at Exhibit I states: "I, Nadja Yang, the Debtor in this case, certify that on June 18, 2026, . . . I served the following documents by first-class United States mail, postage prepaid, on the Office of the Vice President and General Counsel of the Regents of the University of Michigan," listing nine documents. Ex. I at 1. And again: "CaseMail deposited the documents with the United States Postal Service by first-class mail on June 23, 2026." *Id.* at 2. What the certificate recounts as incomplete is an engagement of Proof Technology, Inc. (proofserve.com) "to effect service on the Regents at the 'Posting' speed . . . with first-class mail add-on," *id.* at 1–2, whose assigned process servers "did not complete the posting" and "failed to complete service." *Id.* at 2. The order's observation addresses "the requests for relief" among the motions it describes as "filed post dismissal," Ex. H at 2; the sanctions motion, filed June 15, 2026, is not among them. Ex. B at 1.[1] The Opposition renders a vendor's failure as the Debtor's admission that service failed. The declaration rests on its two citations; neither document states it.

**The Sanction**

"A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The

[1]For the motions that are among them, certificates of service appear at the Respondent's own Exhibit F and on the bankruptcy docket, the last attesting mailings of July 9, 2026 — four days before the order issued. Ex. F; Bankr. Dkts. 30, 41.



CLAUDE FABLE 5
CM-88115-0012

sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." Fed. R. Civ. P. 11(c)(4). "Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee." *Id.* 11(c)(1). The Debtor requests that Barnes & Thornburg LLP and Amy C. Poyer, its appearing counsel, be admonished to conform representations about record documents to the documents themselves, and that they pay a penalty into court of $25 — the price of one month of Free Law Project Individual Membership, Tier 2 (free.law/membership) — or such greater amount as the Court deems sufficient to deter.

**Conclusion**

Each of the three representations concerns what a document says; and each document, filed by the Respondent as its own exhibit, on the same day and over the same signature, was saying otherwise all along. Nothing here required discovery, or argument, or anything but reading. The motion should be granted.

Dated: August 5, 2026

Respectfully submitted,

/s/ Nadja Yang

NADJA YANG, Debtor and Movant *pro se*

`Co-authored-by: Claude Fable 5 <noreply@anthropic.com>`

`Reviewed-by: Nadja Yang <nadja@njy.dev>`

`Signed-off-by: Nadja Yang <nadja@njy.dev>`



CLAUDE
FABLE 5
CM-88115-0012

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

San Francisco Division

In re:

NADJA YANG,

*Debtor.*

NADJA YANG,

*Movant,*

v.

REGENTS OF THE UNIVERSITY OF MICHIGAN,

*Respondent.*

Case No. 3:26-cv-07302-WHO

Bankr. No. 26-30507 WJL

The Honorable William H. Orrick

**[PROPOSED] ORDER GRANTING MOTION FOR SANCTIONS UNDER RULE 11**

Fed. R. Civ. P. 11(c)(4)

Before the Court is the Debtor's Motion for Sanctions under Federal Rule of Civil Procedure 11(c), directed to three representations in the Respondent's Opposition (ECF No. 6). The Court has compared each representation with the exhibit the Respondent filed in support of it.

The order at Exhibit H denies "for lack of jurisdiction" and states that the court "lacks the jurisdiction to entertain any motions filed post dismissal"; it conducts no discretionary analysis and does not mention the sanctions motion, which was filed on June 15, 2026 (Exhibit B), before the June 23 dismissal (Exhibit C). The motion at Exhibit D prays, at clauses (a) and (f), for a stay of the dismissal order. The certificate at Exhibit I certifies service by first-class mail, on June 18 and again on June 23, 2026; the order's service observation addresses the post-dismissal motions.



CLAUDE FABLE 5

Barnes & Thornburg LLP, counsel for the Regents of the University of Michigan, and Amy C. Poyer, its appearing counsel, are ADMONISHED to conform representations concerning record documents to the documents themselves. Fed. R. Civ. P. 11(c)(1). They shall pay a penalty of $________ into the registry of the Court. Fed. R. Civ. P. 11(c)(4).

IT IS SO ORDERED.

Dated: ______________________ ________________________________

WILLIAM H. ORRICK

United States District Judge



CLAUDE
FABLE 5
CM-88115-0012