AMY C. POYER (SBN 277315)
amy.poyer@btlaw.com
**BARNES & THORNBURG LLP**
2029 Century Park East Suite 300
Los Angeles, California 90067
Telephone: (310) 284-3880
Facsimile: (310) 284-3894

*On their own behalf and as Attorneys for Specially Appearing Respondent Regents of the University of Michigan*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br>NADJA YANG,<br>Debtor.<br><br>NADJA YANG,<br>Movant,<br>v.<br>REGENTS OF THE UNIVERSITY OF MICHIGAN,<br>Respondent. | Case No. 3:26-cv-07302-WHO<br>(Bankr. N.D. Cal. Case No. 26-30507 WJL)<br><br>**OPPOSITION OF BARNES & THORNBURG LLP AND AMY C. POYER TO DEBTOR'S MOTION FOR SANCTIONS UNDER RULE 11**<br><br>Hearing: October 14, 2026, 2:00 p.m.<br>By videoconference<br><br>Assigned to the Honorable William H. Orrick |

## I. INTRODUCTION

The Debtor's Motion for Sanctions Under Rule 11 (ECF No. 13 [the "Motion"]) asks the Court to sanction counsel for two sentences in the University's Opposition to the Debtor's Motion to Withdraw the Reference (ECF No. 6, corrected at ECF No. 12-1 [the "Opposition"]). Each rests on a record document the Opposition cited and quoted, and states a conclusion drawn from it. The Debtor reads those documents differently, and she said so in her reply on the withdrawal motion (ECF No. 8 at 2 n.1, 3). That is a disagreement about what the record means, which the Court will resolve in deciding the withdrawal motion. It is argument, not a violation of Rule 11, and the Motion should be denied.

## II. STATEMENT OF ISSUES

Whether two contentions in the Opposition violate Federal Rule of Civil Procedure 11(b): that the bankruptcy court exercised its discretion in declining to entertain further proceedings in the dismissed case, and that the Debtor failed to effectuate proper service of her sanctions motion.

## III. BACKGROUND

On July 30, 2026, the University filed the Opposition. (ECF No. 6.) The Opposition attached, through a request for judicial notice, the bankruptcy court's July 13, 2026 order denying the Debtor's motion to alter or amend the dismissal order (ECF No. 7, Ex. H [the "July 13 Order"]) and the Debtor's July 16, 2026 certificate of service of her sanctions motion (ECF No. 7, Ex. I [the "Certificate"]). The Debtor filed her reply on July 31, 2026. (ECF No. 8.)

On August 7, 2026, the Debtor served counsel with a motion for sanctions under Rule 11 challenging three statements in the Opposition. (ECF No. 13-1.) On August 26, 2026, within the period Rule 11(c)(2) provides, the University filed a notice of errata correcting one of the three, its statement that the Debtor "did not seek a stay of the dismissal order," and attached a corrected Opposition revising only that passage. (ECF Nos. 12, 12-1.) The Debtor filed the Motion on September 1, 2026, directed to the two remaining statements. (ECF No. 13.) She asks that Barnes & Thornburg LLP and Amy C. Poyer be admonished and ordered to pay $25, or a greater amount the Court sets, into court. (Mot. at 2, 7.)

The Motion challenges two statements in the Opposition, quoted here in full.

First, after quoting the July 13 Order's rulings that the bankruptcy court "lacks the jurisdiction to entertain any motions filed post dismissal" and "declines to entertain any further requests for relief in this matter," the Opposition stated: "Whether to retain jurisdiction over a proceeding after dismissal of the underlying case is a discretionary decision committed to the bankruptcy court. That court has exercised its discretion." (Opp'n at 1; *see id.* at 3–4 (citing *In re Carraher*, 971 F.2d 327, 328 (9th Cir. 1992) (per curiam)).)

Second, in its background section, the Opposition stated: "The Debtor failed to effectuate proper service. Pursuant to the Debtor's certificate of service, filed July 16, 2026, Debtor states that her original attempt at service through a third-party mailing service was unsuccessful. (RJN, Ex. I.)" It then quoted the July 13 Order's observation that the Debtor's post-dismissal requests "had not been served on any responding party or correctly noticed for hearing," and continued: "Service, however, is not the ground on which this opposition rests: even if the sanctions motion had been properly served, the Motion would fail for each of the independent reasons set forth below." (Opp'n at 2.)

The Debtor's reply on the withdrawal motion addressed both statements. It argued that the July 13 Order "does not permit" the discretionary reading (ECF No. 8 at 3), and that the Certificate "certifies service by first-class mail on June 18 and again on June 23, 2026" (*id.* at 2 n.1).

## IV. ARGUMENT

### A. Rule 11 Does Not Reach a Nonfrivolous Reading of the Record.

Rule 11(b) provides that by presenting a paper to the Court, an attorney certifies that, to the best of the attorney's knowledge, information, and belief, formed after a reasonable inquiry, the legal contentions in it "are warranted by existing law or by a nonfrivolous argument" for its extension, modification, or reversal, and the factual contentions "have evidentiary support." Fed. R. Civ. P. 11(b)(2), (3). The standard is objective. *Lake v. Gates*, 130 F.4th 1064, 1068 (9th Cir. 2025); *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir. 1990) (en banc); *Golden Eagle Distrib. Corp. v. Burroughs Corp.*, 801 F.2d 1531, 1538 (9th Cir. 1986); *see Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990) (the Rule "must be read in light of concerns that it will spawn satellite litigation and chill vigorous advocacy"). In this Circuit, a paper is sanctionable

as frivolous only if it is "both baseless and made without a reasonable and competent inquiry." *Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005) (emphasis omitted) (quoting *In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 434 (9th Cir. 1996)). Rule 11 "is an extraordinary remedy, one to be exercised with extreme caution," *Operating Eng'rs Pension Tr. v. A-C Co.*, 859 F.2d 1336, 1345 (9th Cir. 1988), and sanctions are reserved for "the rare and exceptional case where the action is clearly frivolous, legally unreasonable or without legal foundation, or brought for an improper purpose," *id.* at 1344; *see Keegan*, 78 F.3d at 437.

Rule 11 "is not intended to chill an attorney's enthusiasm or creativity in pursuing factual or legal theories," and a court evaluates the paper based on "what was reasonable to believe at the time" it was submitted, not with hindsight. Fed. R. Civ. P. 11 advisory committee's note to 1983 amendment; *Golden Eagle*, 801 F.2d at 1537; *Operating Eng'rs*, 859 F.2d at 1344. A court also does not sanction "the level of assurance used by the brief-writer" in characterizing the law. *Golden Eagle*, 801 F.2d at 1540 (quoting appellant's brief). A contention warranted by existing law or by a nonfrivolous argument satisfies the Rule even if the court ultimately rejects it. *Id.* at 1539–41; *see Carraher*, 971 F.2d at 328 (reversing Rule 11 sanctions where counsel's jurisdictional argument "wasn't frivolous," although it was rejected); Fed. R. Civ. P. 11 advisory committee's note to 1993 amendment (a contention identified as an argument for a change in the law "should be viewed with greater tolerance under the rule").

**B. The Opposition's Characterization of the July 13 Order Is a Contention Warranted by Existing Law.**

The Motion does not contend that the Opposition misquoted the July 13 Order, and it did not. The Opposition quoted the order's two operative rulings verbatim, with pin cites, and attached the order itself. (Opp'n at 1, 3; ECF No. 7, Ex. H.) The Motion reproduces the same quotations. (Mot. at 4.) The Opposition also recited, in its background, that the bankruptcy court "denied the motion to alter or amend for lack of jurisdiction," and that the Debtor's sanctions motion was filed on June 15, 2026, before the June 23 dismissal. (Opp'n at 2.) The Motion acknowledges as much. (Mot. at 4–5.)

The Motion casts the Opposition's statement that the bankruptcy court "has exercised its discretion" as a factual representation about what the order says. (Mot. at 2–3.) The Motion invokes Rule 11(b)(3), but the statement could instead be viewed as a legal contention under Rule 11(b)(2), and the result is the same under either provision. The facts about the order are its words, which the Opposition quoted and placed before the Court; no reader of the Opposition could be misled about what the order says. *Cf. Lake*, 130 F.4th at 1069 (affirming sanctions where a complaint's unsupported allegations would lead "[a] reasonable person reading" it to believe something "contrary to the facts," and nothing in the record supported them). The Opposition did not assert that the order mentioned the sanctions motion or that it recited a *Carraher* analysis. What the Opposition added to the quoted text was counsel's characterization of its legal effect, and that characterization is warranted by existing law.

The July 13 Order did two things. It denied the motion to alter or amend for lack of jurisdiction, and, after addressing the Debtor's other post-dismissal filings, it stated that the court "declines to entertain any further requests for relief in this matter." (ECF No. 7, Ex. H, at 2.) Under Ninth Circuit law, a bankruptcy court is "not automatically divested of jurisdiction over related cases when the underlying bankruptcy case is dismissed"; whether to retain such a matter is a discretionary decision guided by "economy, convenience, fairness and comity." *Carraher*, 971 F.2d at 328. The Opposition's contention was that a court which declines to entertain any further requests for relief in a dismissed case has, in substance, elected not to retain the matter, which is the decision *Carraher* commits to the bankruptcy court's discretion, whatever vocabulary the order used. (Opp'n at 3–4.)

The Debtor disagrees. Her position is that the order's closing sentence is tied by the word "Accordingly" to the court's jurisdictional reasoning and reaches only "motions filed post dismissal," that her sanctions motion predates the dismissal, and that a court which speaks of jurisdiction has not exercised discretion. (Mot. at 4–5; ECF No. 8 at 2–3.) The University's response is that the closing sentence is not limited by its terms to post-dismissal filings, and that whether a bankruptcy court's refusal to entertain further proceedings in a dismissed case is an exercise of the discretion *Carraher* describes is a question of law on which reasonable readings differ. Which reading is right is a question the Court will decide in ruling on the withdrawal motion, where the

Debtor has already briefed it. (ECF No. 8 at 2–3.) If the Court ultimately reads the order the Debtor's way, that will not make the Opposition's reading sanctionable when it was made. *Golden Eagle*, 801 F.2d at 1537; *Carraher*, 971 F.2d at 328. Rule 11(b)(2) asks only whether the contention is "warranted by existing law or by a nonfrivolous argument." A characterization of an accurately quoted and attached order, supported by a citation to controlling authority, and answered by the opposing party in her reply, is such a contention.

### C. The Statement That the Debtor Failed to Effectuate Proper Service Is Supported by the Documents It Cites, and the Opposition Expressly Did Not Rest on It.

The Opposition's second challenged statement was a legal conclusion, that the Debtor "failed to effectuate proper service" of her sanctions motion on the University, followed by the two documents it rested on. (Opp'n at 2.) The first is the Certificate. The Debtor says the Certificate "certifies service by first-class mail" (Mot. at 10; ECF No. 8 at 2 n.1), and it does; the Opposition did not say otherwise. It said that the Debtor "states that her original attempt at service through a third-party mailing service was unsuccessful," which is what the Certificate recounts: the Debtor engaged a process-serving vendor on June 15, 2026, whose first assigned server "did not complete the posting" and whose second "failed to complete service," and in the meantime she mailed the papers herself on June 18 and, through CaseMail, on June 23. (ECF No. 7, Ex. I, at 1–2; Bankr. Dkt. 45 at 1–2.) The second is the July 13 Order's observation that the Debtor's requests for relief "had not been served on any responding party or correctly noticed for hearing," which the Opposition quoted accurately and attributed to the order. (Opp'n at 2; ECF No. 7, Ex. H, at 2.)

Whether those mailings effected proper service of a contested motion on the Regents of the University of Michigan is a legal question. A contested motion must be served "in the manner for serving a summons and complaint provided by Rule 7004," Fed. R. Bankr. P. 9014(b)(1), and mail service on a governmental organization runs "to the person or office that, under the law of the state where service is made, is authorized to receive service," Fed. R. Bankr. P. 7004(b)(6). Michigan law designates "the president, the secretary, or other member of the governing body of a corporate body or an unincorporated board having control of a state institution." Mich. Ct. R. 2.105(G)(7). The Certificate shows the June 18 mailing addressed to the "Office of the Vice President and General

Counsel" and the June 23 mailing to the "Vice President & General Counsel," not to any of those persons. (ECF No. 7, Ex. I, at 1–2.) The University's contention that this was not proper service is, at the least, a nonfrivolous one. The Debtor's contrary reading of her own Certificate is the position she took in her reply. (ECF No. 8 at 2 n.1.)

The Court need not resolve that question here. A supported contention does not insulate an unsupported one, *Lake*, 130 F.4th at 1068, but the service statement was supported, and Rule 11 then asks about its place in the paper as a whole: the relation of a challenged contention to the whole is "a relevant factor," and "a minor or insignificant allegation or subclaim should not render a pleading sanctionable." *Townsend*, 929 F.2d at 1364, 1365 n.4; *see Lake*, 130 F.4th at 1068 (asking whether the pleading, "taken as a whole, is subject to sanction"). The Motion does not contend that the Opposition as a whole was frivolous, and it was not. In the next sentence the Opposition set the service point aside: service "is not the ground on which this opposition rests," and the withdrawal motion would fail "even if the sanctions motion had been properly served." (Opp'n at 2.) A supported contention, in a concededly nonfrivolous brief, on a point the brief itself declined to rest on, is not an occasion for sanctions. *See* Fed. R. Civ. P. 11 advisory committee's note to 1993 amendment (Rule 11 motions "should not be made or threatened for minor, inconsequential violations").

**D. Re-Presenting the Two Statements with the Errata Was Not a Violation.**

The Motion's remaining point is that the corrected Opposition filed with the errata "restated unchanged" the two statements after the Debtor's motion had been served. (Mot. at 2, 4, 5.) Rule 11(c)(2) gives a party served with a sanctions motion twenty-one days to withdraw or correct the challenged contentions, and the University used that period to correct the one statement that warranted correction. The Rule does not require a party to withdraw contentions that remain warranted, and standing on them is not a violation. The advisory committee note the Motion quotes, that the safe harbor subjects a party to sanctions "for insisting upon a position after it is no longer tenable," Fed. R. Civ. P. 11 advisory committee's note to 1993 amendment, presupposes that the position has become untenable. For the reasons above, neither remaining statement has: each rests on an accurately quoted document and states a reasonable reading of it. The Motion's own authority

treats an errata as curing what it corrected and analyzes the remaining contentions on their merits. *Holgate*, 425 F.3d at 680.

**E. Reservation.**

Barnes & Thornburg LLP and Amy C. Poyer, the persons against whom sanctions are sought, submit this opposition on their own behalf. The University's appearance in this action remains special and limited, as stated in the Opposition (Opp'n at 1, 8–9), and nothing in this opposition waives any right, defense, or immunity the University has reserved.

## V. CONCLUSION

The Motion should be denied.

Dated: September 15, 2026

**BARNES & THORNBURG LLP**

By: /s/ Amy C. Poyer____
Amy C. Poyer

*On their own behalf and as Attorneys for Specially Appearing Respondent Regents of the University of Michigan*